EXHIBIT H

ATTACHMENT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the matter of the application of the United States for search warrants to search the items known and described as : | : : : : | **TO BE FILED UNDER SEAL**<br><br>Hon. Steven C. Mannion |
| INFORMATION ASSOCIATED WITH CELLULAR TELEPHONE FACILITY (848) 702-4630, AS MORE PARTICULARLY DESCRIBED IN ATTACHMENT A1; | : : : : : : | <u>AFFIDAVIT</u><br><br>Mag No. 13-6068 (SCM) |
| INFORMATION ASSOCIATED WITH CELLULAR TELEPHONE FACILITY BEARING SERIAL NUMBER G9E7ND9331303785, AS MORE PARTICULARLY DESCRIBED IN ATTACHMENT A2; and | : : : : : : : | Mag No. 13-6069 (SCM) |
| INFORMATION ASSOCIATED WITH CELLULAR TELEPHONE FACILITY BEARING SERIAL NUMBER R21C72A4NFY, AS MORE PARTICULARLY DESCRIBED IN ATTACHMENT A3 | : : : : : : : | Mag No. 13-6070 (SCM) |

STATE OF NEW JERSEY          )
                                             )          ss
COUNTY OF ESSEX             )

Alexandra E. De Armas, being duly sworn, deposes and says:

1.      I am a Special Agent with Homeland Security Investigations ("HSI"), which is a

component agency of the Department of Homeland Security ("DHS") and have been so

employed since 2010.  My experience as an HSI agent has included investigations of narcotics,

firearms and money laundering offenses, including violations of Title 21, United States Code,

Sections 841, 846, 952, and 963, Title 18, United States Code, Section 922, and of Title 18, United States Code, Sections 545, 1956, 1957, and 371.

2.     I have been involved in numerous narcotics and firearms investigations and prosecutions. In the course of those investigations I have conducted surveillance and controlled deliveries, monitored court-ordered wire taps, worked with confidential informants, executed search warrants, and observed controlled substances and the paraphernalia used to package, distribute, and ingest those substances. I have received training and gained experience in interview and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crime, intellectual property and other computer-based crimes, computer evidence identifications, computer evidence seizure and processing, and various other criminal laws and procedures. I have personally participated in the execution of search warrants involving the search and seizure of computer equipment and computer-related crimes. In my training and experience, I have learned that narcotics and firearms traffickers use various types of telecommunications, including land lines, cellular phones, texts messages, email, and blackberry messenger, among others. I have also learned that narcotics traffickers sometimes conceal contraband – including narcotics and the illegally derived proceeds of narcotics trafficking – within other legitimate items to avoid detection by law enforcement. Similarly, I have learned that these traffickers (or their co-conspirators) sometimes send photographs of the contraband or concealing containers they are sending, in order to ensure that the recipients are alerted in the event the containers are tampered with by law enforcement (or others) before the containers reach their intended destination.

3.      This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter. Furthermore, where statements of others are set forth in this Affidavit, they are set forth in substance and in part. Dates and times provided are approximations, and should be read as on about, in about, or at about the date or time provided.

4.      Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 371, 545, 922, and 1715, and of Title 21, United States Code, Sections 952 and 963 (the "Specified Federal Offenses") have been committed by Luke Atwell, Christopher Castelluzzo, and other persons known and unknown to the Government. There is also probable cause to search the property described in Attachments A1 through A3 for evidence, instrumentalities, and fruits of the crimes further described in Attachments B1 through B3.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrants because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States (including a magistrate judge of such a court) . . . that – has jurisdiction over the offense being investigated," 18 U.S.C. § 2711(3)(A)(i).

## STATEMENT OF PROBABLE CAUSE

6.      On April 10, 2013, agents from Customs and Border Protection ("CBP") in San Francisco intercepted a parcel during a routine border search. The parcel (hereinafter "parcel 1") contained approximately three (3) kilograms of methylone, a Schedule I controlled dangerous

3

substance. Parcel 1 had been sent from a location in China and was addressed to "LA courier services, 64 north Weiss st., Manville, NJ 08835, USA."

7.     On April 11, 2013, HSI agents agreed to accept parcel 1 from CBP agents. HSI agents thereafter replaced the methylone with a non-controlled substance similar in color and weight to the methylone.

8.     On April 15, 2013, a delivery of parcel 1 to the aforementioned address was attempted, but no one from "LA Courier Services" was present to accept parcel 1. A postal slip that listed a phone number to call for re-delivery or pick-up of parcel 1 was left with the receptionist at the recipient address.

9.     On April 16, 2013, a male called the Hillsborough Post Office and spoke to a postal employee regarding parcel 1. The postal employee advised the caller that parcel 1 was likely in transit to the Manville Post Office. Later that afternoon, Christopher Castelluzzo and Luke Atwell arrived at the Manville Post Office in a silver Jeep. Atwell entered the post office and presented the postal slip and documentation from LA Courier Services to accept parcel 1. At that time, parcel 1 was then turned over to Atwell, who left the post office and placed parcel 1 inside the passenger compartment of the Jeep in which Castelluzzo was waiting. Thereafter, a motor vehicle stop was conducted and both men were arrested.

10.     A search incident to arrest revealed that Castelluzzo had two cellular telephones. One of the cellular phones was a T-Mobile Prism, Model U8651T bearing serial number G9E7ND9331303785 (hereinafter the "CASTELLUZZO T-MOBILE PRISM PHONE"). The other cellular phone was a Samsung cellular telephone bearing serial number R21C72A4NFY (hereinafter the "CASTELLUZZO SAMSUNG PHONE") . A review of the text messages from

4

the CASTELLUZZO T-MOBILE PRISM PHONE revealed that on April 15, 2013, Castelluzzo had received a message indicating: "OK eagles  landed and slip was left I got 2 call the PO."  A second message that Castelluzzo received on that date on the CASTELLUZZO T-MOBILE PRISM PHONE indicated: "I got 2 grab the package 2 morrow at the PO."

11.     During a search incident to the arrest of Atwell, officers recovered an Apple i-Phone Model MD644LL cellular telephone facility with phone number (848) 702-4630 bearing serial number DNPJQ70VF38W (hereinafter the "ATWELL APPLE I-PHONE"), and a Grey 16 Gigabyte Flash Drive Key Chain, model DTSE9. The CASTELLUZZO T-MOBILE PRISM PHONE, the CASTELLUZZO SAMSUNG PHONE, as well as the ATWELL APPLE I-PHONE and the flash drive key chain recovered from Atwell have been in the custody of HSI since the items were seized on April 16, 2013. All of the items have been stored in a secure and locked facility at HSI. The contents of the CASTELLUZZO T-MOBILE PRISM PHONE, the CASTELLUZZO SAMSUNG PHONE, as well as the ATWELL APPLE I-PHONE and the grey 16 gigabyte flash drive key chain recovered from Atwell have been preserved, not searched, or otherwise altered since the time of the defendants' arrest on April 16, 2013. Atwell also consented to the search of the ATWELL APPLE I-PHONE.

12.     In a post-arrest interview, given after he was advised of his Miranda rights, Atwell stated, in substance and in part, that he is the owner of LA Courier Services and his business is located at 64 N. Weiss Street, Manville, New Jersey. Approximately one to two months prior to his arrest, Atwell responded to an advertisement on Craig's List, which was listed as "Courier's Needed." After responding to the advertisement, he was contacted by a male identified as "Pito."

5

Thereafter, Atwell and "Pito" communicated by email. Atwell used his email account atwell.luke@gmail.com, and "Pito" responded by using email address nychookah@gmail.com.

13.     According to Atwell, he received five (5) to seven (7) packages for "Pito" prior to his arrest. Atwell stated that he received the packages at the LA Courier Services Office and then delivered them to "Pito." Following the deliveries, "Pito" deposited money directly into Atwell's bank account. When asked about the contents of parcel 1, Atwell stated that he thought it might be a gun or explosives. Atwell stated that he also received packages from his girlfriend, Krystel Lopez, at the LA Courier Services address and that he maintained his business records at that location.

14.     Atwell consented to the review of his email account by law enforcement officers. In one email exchange, Atwell communicated with an individual who appeared to be involved with the sale of methylenedioxymethamphetamine (MDMA) in its powder form. MDMA is a schedule I controlled substance.

15.     Atwell consented to the search of LA Courier Services, his business office. The search resulted in the seizure of various business documents and a black Emachines computer tower bearing serial number PTND5P200115001CFE3000. The black Emachines computer tower has been in the custody of HSI since it was seized on April 16, 2013. It has been stored in a secure and locked facility at HSI. The contents of the black Emachines computer tower have been preserved, not searched, or otherwise altered since the time of Atwell's arrest.

16.     During the investigation of parcel 1 containing the methylone, information was developed regarding a second parcel (hereinafter "parcel 2") which was also scheduled to be delivered to LA Courier Services, 64 N. Weiss Street, Manville, New Jersey.   The return

address and the intended recipient were both list as Krystel Lopez, who, as indicated above, is

Atwell's girlfriend.  On April 17, 2013, United States Postal Inspection Service (hereinafter

"USPIS") inspectors were advised that the parcel 2 was located at the Hillsborough Post Office

in Hillsborough, New Jersey.  During an examination of the exterior of parcel 2, USPIS

inspectors observed what appeared to be the barrel of a firearm protruding through a hole

punctured in the side of the box during shipment.  The Honorable Joseph A. Dickson, United

States Magistrate Judge, subsequently issued a warrant authorizing the search of parcel 2.

During the search, USPIS inspectors discovered that parcel 2 contained the upper receiver of an

M4 assault rifle.

17.     On or about April 17, 2013, USPIS learned that six additional parcels (hereinafter,

"parcel 3," "parcel 4," "parcel 5," "parcel 6," "parcel 7," and "parcel 8,") had been delivered to

Atwell's business, LA Courier Services.  Five of the six parcels were  addressed to Krystel

Lopez, care of LA Courier Services, 64 N. Weiss Street, Manville, New Jersey.  The sixth parcel

was addressed to LA Courier Services.  The name Krystel Lopez appeared on all the return

addresses.  The Honorable Joseph A. Dickson, United States Magistrate Judge, subsequently

issued six warrants authorizing the search of parcel 3 through parcel 8.  During the search, HSI

agents and USPIS inspectors discovered that the subject parcels contained the component parts of

a .40 caliber Glock handgun and of a Colt M4 assault rifle.

18.     On April 17, 2013, a preservation request was sent to Google seeking preservation

of records and other evidence regarding the targeted gmail accounts.  In general, an email that is

sent to a Google subscriber is stored in the subscriber's "mail box" on Google servers until the

subscriber deletes the email.  If the subscriber does not delete the message, the message can

remain on Google servers indefinitely. Even if the subscriber deletes the email, it may continue to be available on Google's servers for a certain period of time.

## TECHNICAL BACKGROUND AND ITEMS LIKELY TO BE FOUND

19.     In my training and experience, I have learned that Apple, Incorporated and T-Mobile (hereinafter "the wireless providers") are companies that provide cellular telephone access to the general public, and that stored electronic communications, including retrieved and unretrieved voicemail, text, and multimedia messages for subscribers of the wireless providers may be located on the computers of the wireless providers. Further, I am aware that computers located at the wireless providers contain information and other stored electronic communications belonging to unrelated third parties.

20.     Wireless phone providers often provide their subscribers with voicemail services. In general, a provider will store voicemail messages on behalf of a particular subscriber until the subscriber deletes the voicemail. If the subscriber does not delete the message, the message may remain in the system of the wireless providers for weeks or months.

21.     Among the services commonly offered by wireless phone providers is the capacity to send short text or multimedia messages (photos, audio, or video) from one subscriber's phone or wireless device to another phone or wireless device via one or more wireless providers. This service is often referred to as "Short Message Service" ("SMS") or "Multimedia Messaging Service" ("MMS"), and is often referred to generically as "text messaging" or "wireless messaging." Based on my knowledge and experience, I believe that stored electronic communications, including SMS and MMS messages that have been sent or received by subscribers, may be stored by the wireless providers for short periods incident to and following

8

their transmission. In addition, providers occasionally retain printouts from original storage of text messages for a particular subscriber's account.

22.     Wireless phone providers typically retain certain transactional information about the use of each telephone, voicemail, and text-messaging account on their systems. This information can include log files and messaging logs showing all activity on the account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or e-mail addresses associated with particular telephone calls, voicemail messages, and text or multimedia messages. Providers may also have information about the dates, times, and methods of connecting associated with every communication in which a particular cellular device was involved.

23.     Many wireless providers retain information about the location in which a particular communication was transmitted or received. This information can include data about which "cell towers" (i.e., antenna towers covering specific geographic areas) received a radio signal from the cellular device and thereby transmitted or received the communication in question.

24.     Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages. A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received. The provider could have this information because each cellular device has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an

9

Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile

Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile

Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI").

When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique

identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or

tower records those identifiers as a matter of course.

   25.  Wireless providers also maintain business records and subscriber information for

particular accounts. This information could include the subscribers' full names and addresses,

the address to which any equipment was shipped, the date on which the account was opened, the

length of service, the types of service utilized, the ESN or other unique identifier for the cellular

device associated with the account, the subscribers' Social Security Numbers and dates of birth,

all telephone numbers and other identifiers associated with the account, and a description of the

services available to the account subscribers. In addition, wireless providers typically generate

and retain billing records for each account, which may show all billable calls (including outgoing

digits dialed). The providers may also have payment information for the account, including the

dates and times of payments and the means and source of payment (including any credit card or

bank account number).

   26.  In some cases, wireless subscribers may communicate directly with a wireless

provider about issues relating to the account, such as technical problems, billing inquiries, or

complaints from other users. Wireless providers typically retain records about such

communications, including records of contacts between the user and the provider's support

services, as well records of any actions taken by the provider or user as a result of the communications.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

27.    I anticipate executing this warrant under the Electronic Communications Privacy

Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant

to require the wireless providers to disclose to the government copies of the records and other

information (including the content of communications) particularly described in Attachments B1,

B2 and B3.

28.    Specifically, the wireless providers are to disclose for the CASTELLUZZO T-

MOBILE PRISM PHONE, the CASTELLUZZO SAMSUNG PHONE, as well as the ATWELL

APPLE I-PHONE:

      a.    All voice mail, text, and multimedia messages stored and presently

contained in, or on behalf of the accounts or identifiers;

      b.    All existing printouts from original storage of all of the text messages

described above;

      c.    All transactional information of all activity of the telephones and/or

voicemail accounts described above, including log files, messaging logs, local and long distance

telephone connection records, records of session times and durations, dates and times of

connecting, methods of connecting, telephone numbers associated with outgoing and incoming

calls, cell towers used, and/or locations used from March 1, 2013 to present;

      d.    All text messaging logs, including date and time of messages, and

identification numbers associated with the handsets sending and receiving the message;

11

e.    All business records and subscriber information, in any form kept, pertaining to the individual accounts and/or identifiers described above, including subscribers' full names, addresses, shipping addresses, date account was opened, length of service, the types of service utilized, ESN (Electronic Serial Number) or other unique identifier for the wireless device associated with the account, Social Security number, date of birth, telephone numbers, and other identifiers associated with the account;

f.    Detailed billing records, showing all billable calls including outgoing digits, from March 1, 2013 to present;

g.    All payment information, including dates and times of payments and means and source of payment (including any credit or bank account number), from March 1, 2013 to present;

h.    Incoming and outgoing telephone numbers, from March 1, 2013 to present;

i.    All records indicating the services available to subscribers of individual accounts and/or identifiers described above;

j.    All records pertaining to communications between the wireless providers and any person regarding the accounts or identifiers, including contacts with support services and records of actions taken.

29.    Upon receipt of the information from the wireless providers, government authorized personnel will review it to locate and seize information pertaining to the following matters:

a.    The sale of or trafficking in illegal drugs;

12

      b.     The sale of or trafficking in firearms;

      c.     Communications between Christopher Castelluzzo, Luke Atwell, Krystel Lopez, "Pito," and co-conspirators;

      d.     Information relating to who created, used, or communicated with the accounts, including records about their identities and whereabouts.

30.     As noted in above, there is probable cause to believe that those items and information will be found in the Target Accounts.

31.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## BACKGROUND CONCERNING CELLULAR PHONES

32.     Based on my training, experience, and participation in this and other narcotics and firearms investigations and based upon my discussions with other HSI agents and state and local investigators, I know that individuals involved in narcotics and firearms trafficking commonly maintain cellular telephones and other communication devices to further their narcotics and firearms trafficking activities. Narcotics and firearms traffickers often utilize these devices to relay a variety of illicit information in various forms, including text messages, storing telephone numbers of co-conspirators, digital codes to identify the caller, digital codes to indicate the location of a meeting place, the amount of a controlled substance or its purchase price, or the type or number of firearms, or other information designed to facilitate criminal activity.

33.     Individuals involved in narcotics and firearms trafficking commonly maintain names, telephone numbers, recorded messages, photographs and other items of information

13

concerning themselves and individuals associated in their criminal activities, in electronic storage mediums, including but not limited to cellular telephones, and i-Phones.

34.    Individuals involved in narcotics and firearms trafficking commonly take, or cause to be taken, photographs/videos of themselves, their associates, their property, their drugs, and/or their firearms.  These photographs/videos are often stored in electronic storage mediums, including but not limited to cellular camera telephones and i-Phones.

35.    Cellular telephones and i-Phones frequently have voice mail and telephone directory features, as well as methods to learn the telephone number associated with each cell phone.  Cellular telephones also typically contain records of recent call activity, both incoming and outgoing calls, and lists of stored telephone numbers and other identifying information, such as names.

36.    Cellular telephones and i-Phones typically have voice mail and/or text-messaging features, which permit the cellular telephone user to send and receive voice mail and/or text messages.  Voice mail and text messages are typically stored on the computer network of the provider of the cell phone's telephone service, which network is external to the cell phone.  Sent and received text messages may also be stored on the cell phone itself.

37.    Cellular telephones and i-Phones with camera functions permit the cell phone user to take photographs and/or videos that are stored on the cell phone itself.

38.    The information described above usually remains accessible in the cell phone or i-Phone's memory card even if the cell phone has lost all battery power, and not been used for an extended period of time.

39.     Certain electronic devices, including cellular phones, i-Phones, Blackberries, i-Pods, and Android phones, store information such as email messages, chats, multimedia messages, installed applications or other electronic communications; calendars, notes, passwords, and dictionary entries; and internet or browser entries or history.  In addition, these devices often contain proprietary software, in the form of system, data, or configuration information, which enable the types of information and data described above to be accessed and analyzed.  These items remained stored on the electronic devices even if the device in question has lost all battery power and has not been used for an extended period of time.

40.     I have previously assisted in conducting search warrants on electronic devices, including cellular telephones and i-Phones seized during the course of narcotics and firearms investigations.  These previous searches have resulted in the recovery of significant evidence tending to show involvement in narcotics and firearms trafficking, including relevant email and text messages between members of the organization, contact lists containing names and telephone numbers of the members of the organization, and photographs of co-conspirators, firearms, drugs, and large sums of money.

### PROBABLE CAUSE TO SEARCH FOR FRUITS, EVIDENCE, AND INSTRUMENTALITIES OF DRUG AND FIREARMS TRAFFICKING

41.     As explained above, the items of physical evidence were recovered on April 16, 2013 during the investigation of Castelluzzo and Atwell.  The ATWELL APPLE I-PHONE was found incident to the arrest of Atwell while the CASTELLUZZO T-MOBILE PRISM PHONE, and the CASTELLUZZO SAMSUNG PHONE, were recovered from Castelluzzo incident to his arrest.  At the time of their arrest, Castelluzzo and Atwell were in joint possession of

15

approximately three (3) kilograms of methylone. During subsequent searches of parcels sent to Atwell's place of business, law enforcement officers recovered the component parts of a handgun and an assault rifle. The totality of these facts indicate to me that Castelluzzo and Atwell are involved in trafficking illegal contraband and that within the aforementioned items set forth in Attachments A1 through A3 there is evidence, instrumentalities, and fruits of the offense of the Specified Federal Offenses.

42. Based on the above, and upon my training and experience, I believe that probable cause exists that the items more particularly described in Attachments A1 through A3 contain information that constitutes fruits, instrumentalities, or evidence of a crime, to wit, violations of the Specified Federal Offenses, and I respectfully request that search warrants be issued for the ATWELL APPLE I-PHONE, the CASTELLUZZO T-MOBILE PRISM PHONE, and the CASTELLUZZO SAMSUNG PHONE, and for the seizure of the items listed in Attachments A1 through A3.

43. Agents from HSI will need technical assistance to extract data from the APPLE I-PHONE Model MD644LL cellular telephone facility with phone number (848) 702-4630 bearing serial number DNPJQ70VF38W which was recovered from Atwell incident to his arrest. In order to gain this assistance from the technicians at Apple, specific language has been included in Attachment B1.

44. In summary, based on the information contained herein, and in combination with my training and experience, I believe that Castelluzzo and Atwell utilized the items set forth in Attachments A1 through A3 to further their criminal enterprise. I believe that probable cause exists that within the items set forth in Attachments A1 through A3 there is presently concealed

16

text messages, email messages, telephone numbers of co-conspirators, recorded messages, photographs, ledgers, notes and other documents which relate to a drug and firearms trafficking enterprise.  I therefore respectfully request that search warrants be issued for the items set forth in Attachments A1 through A3 authorizing the search of the aforementioned items and any additional evidence and/or contraband discovered within.

## SEALING ORDER REQUESTED

45.    This investigation is ongoing.  Premature disclosure of this Application and Affidavit for Search Warrants may compromise the investigation by, among other things, disclosing the precise matters being reviewed and the status of the investigation to date. Accordingly, it is requested that this Application and Affidavit for Search Warrants be sealed until further Order of the Court, along with the accompanying documents.

17

## CONCLUSION

46.     WHEREFORE, I respectfully request the Court issue the accompanying search warrants.


_____
Alexandra E. De Armas
Special Agent
DHS, Homeland Security Investigations


Sworn to and subscribed before me
this 4th day of June, 2013.

_____
HON. STEVEN C. MANNION
United States Magistrate Judge
District of New Jersey


18

# United States District Court
## District of New Jersey

IN THE MATTER OF THE APPLICATION OF THE   :
UNITED STATES FOR A SEARCH WARRANT TO   :   Hon. Steven C. Mannion
SEARCH THE ITEMS KNOWN AND DESCRIBED AS   :
INFORMATION ASSOCIATED WITH CELLULAR   :   Mag. No. 13-6068 (SCM)
TELEPHONE FACILITY (848) 702-4630, AS MORE   :
PARTICULARLY DESCRIBED IN ATTACHMENT A1   :   <u>SEARCH WARRANT</u>
  :
  :

TO: ____Alexandra de Armas____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by <u>Alexandra de Armas</u> who has reason to believe that

    Affiant

__on the person of or  _X_ on the premises known as (name, description and/or location)

### SEE ATTACHMENT A1

in the District of New Jersey there is now concealed a certain person or property namely (describe the person or property)

### SEE ATTACHMENT B1

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to execute the warrant on or before __June 18, 2013__ (not to exceed 14 days) on the person or place named above for the person or property specified, serving this warrant and executing it (in the daytime--6:00 a.m. to 10:00 p.m.) and to leave a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to ____Honorable Steven C. Mannion_____as required by law.

      U.S. Judge or Magistrate

__June 4, 2013_____    at  5:48 p.m.      <u>Newark, New Jersey</u>
Date and Time Issued                        City and State

Honorable Steven C. Mannion
<u>United States Magistrate Judge</u>
Name & Title of Judicial Officer                 Signature of Judicial Officer

000189

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED<br>6  14 2013 | DATE AND TIME WARRANT EXECUTED<br>6 7 2013 | COPY OF WARRANT AND RECEIPT LEFT WITH<br>JOann Chang  - Apple |
| INVENTORY MADE IN THE PRESENCE OF | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

NO DATA  retrieved

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____
U.S. Judge or Magistrate                                    Date

# United States District Court
## District of New Jersey

IN THE MATTER OF THE APPLICATION OF THE
UNITED STATES FOR A SEARCH WARRANT TO
SEARCH THE ITEMS KNOWN AND DESCRIBED AS
CELLULAR TELEPHONE FACILITY BEARING
SERIAL NUMBER G9E7ND9331303785, AS MORE
PARTICULARLY DESCRIBED IN ATTACHMENT A2

:
:   Hon. Steven C. Mannion
:
:   Mag. No. 13-6069 (SCM)
:
:   <u>SEARCH WARRANT</u>
:
:

TO: ___Alexandra de Armas___ and any Authorized Officer of the United States

Affidavit(s) having been made before me by <u>Alexandra de Armas</u> who has reason to believe that
<span style="text-align:center">Affiant</span>

__on the person of or __X__ on the premises known as (name, description and/or location)

SEE ATTACHMENT A2

in the District of New Jersey there is now concealed a certain person or property namely (describe the person or property)

SEE ATTACHMENT B2

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to execute the warrant on or before __June 18, 2013__ (not to exceed 14 days) on the person or place named above for the person or property specified, serving this warrant and executing it (in the daytime–6:00 a.m. to 10:00 p.m.) and to leave a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to ____Honorable Steven C. Mannion_____as required by law.
<span style="margin-left:2em">U.S. Judge or Magistrate</span>

June 4, 2013 _____ at  5:48 p.m.          Newark, New Jersey _____
Date and Time Issued                          City and State


Honorable Steven C. Mannion
<u>United States Magistrate Judge</u>
Name & Title of Judicial Officer          Signature of Judicial Officer

## RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT LEFT WITH |
|---|---|---|
| 6/4/2013 | 6/17/2013 4PM | w/A |

INVENTORY MADE IN THE PRESENCE OF

Michell Chase, SA HSI

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

DATA from cellular phone

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_D. cle Dem_

Subscribed, sworn to, and returned before me this date,

_____
U.S. Judge or Magistrate          Date  1/29

# United States District Court
# District of New Jersey

IN THE MATTER OF THE APPLICATION OF THE : Hon. Steven C. Mannion
UNITED STATES FOR A SEARCH WARRANT TO :
SEARCH THE ITEMS KNOWN AND DESCRIBED AS :
CELLULAR TELEPHONE FACILITY BEARING : Mag. No. 13-6070 (SCM)
SERIAL NUMBER R21C72A4NFY, AS MORE :
PARTICULARLY DESCRIBED IN ATTACHMENT A3 : SEARCH WARRANT
:
:

TO: ___Alexandra de Armas___ and any Authorized Officer of the United States

Affidavit(s) having been made before me by _Alexandra de Armas_ who has reason to believe that
                                             Affiant
__on the person of or _X_ on the premises known as (name, description and/or location)

## SEE ATTACHMENT A3

in the District of New Jersey there is now concealed a certain person or property namely (describe the person or property)

## SEE ATTACHMENT B3

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to execute the warrant on or before _June 18, 2013_ (not to exceed 14 days) on the person or place named above for the person or property specified, serving this warrant and executing it (in the daytime--6:00 a.m. to 10:00 p.m.) and to leave a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to __Honorable Steven C. Mannion_____as required by law.
        U.S. Judge or Magistrate

June 4, 2013_____     at  _5:47 p.m._          Newark, New Jersey_____
Date and Time Issued                              City and State

Honorable Steven C. Mannion
United States Magistrate Judge
Name & Title of Judicial Officer                  Signature of Judicial Officer

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED<br>6 4 2013 | DATE AND TIME WARRANT EXECUTED<br>6 17 2013    15:48 | COPY OF WARRANT AND RECEIPT LEFT WITH<br>N I A |
| INVENTORY MADE IN THE PRESENCE OF<br>Michell Chase - HSI  SA | | |
| INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT<br><br>DATA from phone | | |

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_H. O. Anderson_

Subscribed, sworn to, and returned before me this date.

_____
U.S. Judge or Magistrate                                    Date

000188